**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4016**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

     v.

RENE ALEJO RUIZ-CASTILLO,

             Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:08-cr-00020-WO-2)

Submitted:  November 8, 2010          Decided:  May 26, 2011

Before KING, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

K.E. Krispen Culbertson, CULBERTSON & ASSOCIATES, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rene Alejo Ruiz-Castillo appeals his jury conviction for conspiracy to distribute and possession with the intent to distribute more than fifty kilograms of marijuana, in violation of 21 U.S.C. §§ 841, 846 (2006). Ruiz-Castillo asserts that the district court erred when it admitted into evidence a statement made by his co-conspirator and instructed the jury on willful blindness. We affirm.

Although "[r]ulings related to admission and exclusion of evidence are addressed to the sound discretion of the [district court] and will not be reversed absent an abuse of that discretion," United States v. Stitt, 250 F.3d 878, 896 (4th Cir. 2001), we review for plain error where, as here, no objection to the evidentiary ruling is made at trial, United States v. Perkins, 470 F.3d 150, 155 (4th Cir. 2006).

A statement is not hearsay if it is offered against the defendant and is a statement of a co-conspirator of the defendant "during the course and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). For a statement to be admissible under Rule 801(d)(2)(E), there "must be evidence that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made during the course and in furtherance of the conspiracy." Bourjaily v. United States, 483 U.S. 171, 175 (1987) (internal quotation

2

marks omitted). Accordingly, when the Government shows by a preponderance of the evidence that (i) a conspiracy existed of which the defendant was a member, and (ii) the co-conspirator's statement was made during the course of and in furtherance of the conspiracy, the statement is admissible. United States v. Neal, 78 F.3d 901, 905 (4th Cir. 1996); United States v. Blevins, 960 F.2d 1252, 1255 (4th Cir. 1992).

We conclude that the Government's evidence amply demonstrated that a conspiracy to distribute more than fifty kilograms of marijuana existed between June and December 2007 and that Ruiz-Castillo was a member of the conspiracy. We further conclude that the admitted statement was made in furtherance of the conspiracy, as it pertained to the declarant's plan for obtaining some of the conspiracy's supply of marijuana for further distribution. Accordingly, we conclude that the district court committed no error in admitting the statement.

Ruiz-Castillo also contends that the district court erred in instructing the jury on willful blindness. We review this issue for abuse of discretion. United States v. Jeffers, 570 F.3d 557, 566 (4th Cir.), cert. denied, 130 S. Ct. 645 (2009). "A willful blindness . . . instruction allows the jury to impute the element of knowledge to the defendant if the evidence indicates that he purposely closed his eyes to avoid

knowing what was taking place around him." United States v. Ruhe, 191 F.3d 376, 384 (4th Cir. 1999) (internal quotation marks omitted); see also United States v. Whittington, 26 F.3d 456, 463 (4th Cir. 1994) ("The record need not contain direct evidence . . . that the defendant deliberately avoided knowledge of wrongdoing; all that is necessary is evidence from which the jury could infer deliberate avoidance of knowledge."). "A willful blindness instruction is proper when the defendant asserts a lack of guilty knowledge but the evidence supports an inference of deliberate ignorance" on the defendant's part. Ruhe, 191 F.3d at 384 (internal quotation marks omitted).

Ruiz-Castillo's defense was that he did not know that bales of marijuana were hidden inside the pallets of ceramic tile a co-conspirator instructed him to break. After review of the record, we conclude that the jury could properly infer that Ruiz-Castillo closed his eyes to his involvement in a drug operation. Moreover, the district court properly instructed the jury not to infer guilty knowledge from a mere showing of careless disregard or mistake. See United States v. Guay, 108 F.3d 545, 551 (4th Cir. 1997). We therefore conclude that the district court did not abuse its discretion in instructing on willful blindness.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED